UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL W. ALDRIDGE,

Plaintiff,

v.

BRIAN D. CASSIDY, et al.,

Defendants.

CASE NO. 3:26-cv-05157-BAT

**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY, DKT. 43**

On October 30, 2026, Defendants moved the Court to stay all discovery pending resolution of their motion for summary judgment. Dkt. 43. For the following reasons, the Court **GRANTS** the motion.

District courts have broad discretion to stay discovery "for good cause . . . to protect a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). There is no automatic stay of discovery when a dispositive motion is filed, and such a stay is not always advisable. The Court may, however, stay discovery until it adjudicates a dispositive motion which (1) could dispose of the entire case and (2) can be decided without additional discovery. *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020) (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)). Evaluating these factors requires a

"preliminary peek" at the merits of the pending motion. *Lomibao v. AGC Biologics Inc.*, No. 2:25-CV-00361-JHC, 2025 WL 2663178, at *1 (W.D. Wash. Sept. 17, 2025). Courts also consider other factors, including (3) prejudice to the nonmovant in delaying discovery, (4) hardship to the movant in going forward, and (5) whether a stay would simplify or complicate issues, proof, and questions of law. *Id.*

Defendants argue (1) the motion for summary judgment would dispose of all claims because the individual Defendants are entitled to qualified immunity, which should be resolved before discovery, and Plaintiff cannot establish a *Monell* claim against the County; (2) the motion can be decided without additional discovery because the bodycam and surveillance footage on which it relies is undisputed; (3) a stay will cause no damage because discovery can resume with narrower scope if claims survive; (4) Plaintiff's 35 requests for production and subsequent 40 requests for admission and subpoena request are unduly burdensome; and (5) a ruling on the motion will either resolve the case or narrow the issues for discovery. Dkt. 43 at 4–6; Dkt. 49 at 2, 6–7.

Plaintiff argues (1) the motion for summary judgment cannot dispose of the entire case because qualified immunity does not apply to the *Monell* claim or the state-law claims; (2) the motion cannot be decided without discovery because certain evidence is incomplete; (3) an indefinite stay would consume the remaining discovery period in the case schedule; (4) Defendants have not identified their burden; and (5) the motion requires the Court to decide a summary judgment motion on an incomplete record. Dkt. 45 at 6–14. Plaintiff alternatively asks the Court to stay only the depositions and Requests for Production 15, 16, and 20-26 and defer ruling on the motion for summary judgment under Rule 56(d). *Id.* at 2.

Having reviewed the pending motion for summary judgment and the evidence on which

it relies, as well as Plaintiff's response, the Court finds the motion likely dispositive of the whole case. Additionally, because the events giving rise to the complaint occurred primarily in a single police encounter and both parties have produced video recordings of the encounter with accompanying audio, the Court finds the summary judgment motion likely resolvable without additional discovery. Plaintiff argues Defendants' body camera footage is incomplete because the screen of the patrol car terminal is redacted, it ends before the portion of the recording covering dispatch comments entered by the officers, and it is missing a recording from Sergeant Cassidy. Plaintiff also claims Defendants excerpted his own surveillance footage. *See* Dkt. 45 at 7–9. Notwithstanding those details, however, the recordings show numerous material facts the parties do not dispute. Without prejudging the motion, the Court finds the motion likely can be resolved based on those undisputed material facts.

The Court also finds prejudice to Plaintiff from staying discovery would be minimal. Any potential prejudice as a result of delayed discovery would be eliminated by a continuance of the case schedule, to which Defendants have agreed. Dkt. 49 at 6. Plaintiff argues it would prejudice him to decide the summary judgment motion "on a record the County assembled while barring Plaintiff from completing it." Dkt. 45 at 12. The recordings, however, include both the officers' body cameras and Plaintiff's surveillance footage. To the extent anything was left out of Defendants' excerpts, Plaintiff has provided the unexcerpted footage, which the Court will consider. *See* Dkt. 54. As for prejudice to Defendants, Plaintiff has served 35 requests for production and 40 requests for admission and has requested a subpoena. The 35 requests for production seek, for example, internal-affairs and disciplinary files for each individual Defendant dating back to 2019. Dkt. 44 at 22. The Court finds immediate production of this discovery sufficiently burdensome to prejudice Defendants should the stay be denied, particularly weighed

against the minimal harm from a short delay. Following adjudication of the summary judgment motion, discovery can be limited to issues still in the case, which will reduce inconvenience to both parties.

Plaintiff's surreply requests the Court strike what Plaintiff characterizes as a new request in Defendants' reply, to "prohibit Plaintiff from continuing to send Defendants discovery requests." Dkt. 57 at 1. To be clear, while in effect, a stay of discovery does indeed prohibit Plaintiff from continuing to send discovery requests and relieve Defendants of the obligation to respond to any pending requests, so this is not a new request by Defendants but a reiteration of the original request. The remainder of Plaintiff's requests to strike material pertain to information not required to decide this motion and are moot.

For the foregoing reasons, the Court **GRANTS** the motion. Discovery is hereby **STAYED** until the Court resolves the pending motion for summary judgment.

DATED this 23rd day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge